**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

SEVADA SHOLIAN,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

No. 5:26-cv-02735-AYP

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. SUMMARY

Petitioner Sevada Sholian ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No.1) (the "Petition"). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California.

Having reviewed the record, the Court concludes that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E). Accordingly, the Court ORDERS that the Petition be denied.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Russia. (Dkt. No. 8-1 at 3.) Petitioner entered the United States on June 7, 2023, when he applied for admission at a

port of entry near San Ysidro, California. *Id.* Petitioner was served with a Notice to Appear, Form I-862, pursuant to Section 212(a) (7) (A) (i) (I) of the Immigration and Nationality Act ("INA"), an immigrant without an immigrant visa. *Id.* Petitioner represents that the Department of Homeland Security ("DHS") subsequently released him on an order of recognizance ("OREC"). (Dkt. No. 1 at 29.)

Respondents represent that "[s]ince Petitioner entered the United States in 2023, he has been arrested *thirteen (13) times* including: (i) twice for DUI, (ii) nine arrests for either unlawful possession of a controlled substance or unlawful paraphernalia, and (iii) the manufacture, sale, or possession of metal knuckles." (Dkt. No. 8 at 2.) On April 12, 2026, Petitioner was arrested by the Burbank Police Department based on violations of Penal Code (PC) 530.S(A), Identity Theft, California Vehicle Code (VC) 23152(A), Driving Under the Influence of Alcohol, California Health and Safety Code (HS) 11377(A), Possession of a Controlled Substance, and HS 11364(A), Possession of Narcotic Paraphernalia. (Dkt. No. 8-1 at 3.) Following his release from the Burbank Police Department, ICE ERO officers arrested Petitioner and took him into ICE custody. *Id.*

Petitioner asserts that "[a]t the time of the arrest, Petitioner was not issued any documents, nor does he know what he signed." (Dkt. No. 1 at 12.) Respondents assert that they identified themselves as DHS and ICE officers, informed Petitioner that he was under investigation, and served him with a warrant for his arrest. (Dkt. No. 8-1 at 2 and Dkt. No. 23-2.) Petitioner's form I-213 also indicates that Respondents served him with a Notice of Custody Determination, Form I-286. (Dkt. No. 23-1 at 5.) Petitioner remains in detention at the Adelanto ICE Processing Facility as of the filing of the Petition. (Dkt. No. 1.)

Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 and Motion for Temporary Restraining Order ("Motion for TRO") on May

18, 2026. (Dkt. No. 1 and 2.) Respondents filed their Return to Petition for Writ of Habeas Corpus (2241) and Opposition to Ex Parte Application for Temporary Restraining Order ("Return to the Petition") on May 26, 2026. (Dkt. No. 8.) Petitioner submitted his Reply on June 4, 2026. (Dkt. No. 13.) The Court issued an order denying Petitioner's Motion for TRO on July 2, 2026. (Dkt. No. 17.) Both parties have consented to proceed before the Magistrate Judge. The matter is now fully briefed and submitted for decision.

## III. DISCUSSION

Petitioner argues that Respondents violated the Due Process Clause of the Fifth Amendment by revoking his liberty without notice, without an individualized custody redetermination, and without an opportunity to be heard as to whether he poses a danger or a flight risk. (Dkt. No. 13 at 1.) Petitioner therefore seeks immediate release, arguing that Respondents' actions contravened the procedural protections the Constitution requires before depriving an individual of liberty.

Respondents oppose Petitioner's contention that he was detained without notice or an individualized custody redetermination. Respondents assert that prior to his detention, they identified themselves as DHS and ICE officers, informed Petitioner that he was under investigation, and served him with a warrant for his arrest and a Notice of Custody Determination, Form I-286. (Dkt. No. 8-1 at 2, Dkt. No. 23-2, and Dkt. No. 23-1 at 5.) Respondents further contend that Petitioner's detention is authorized under 8 U.S.C. § 1225(b)(1) because he was apprehended at or near the border contemporaneous to his unlawful entry into the United States, under 8 U.S.C. § 1226(a) because of the changed circumstances of his recent arrests, and under 8 U.S.C. § 1226(c)(1)(E)(i) on the basis of his arrest pursuant to California Penal Code Section 530.5 for identity theft. (Dkt. No. 23 at 2.)

**A. The Court Has Subject Matter Jurisdiction**

This Court has subject matter jurisdiction. 28 U.S.C. § 2241 "makes the writ of habeas corpus available to all persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 28 U.S.C. § 2241(c)(3)). "The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention." *Id.* (citing INS v. St. Cyr, 533 U.S. 289, 301–03 (2001)). Accordingly, 8 U.S.C. § 1252(g) does not bar review here. The Court has subject matter jurisdiction over Petitioner's habeas claims because § 2241 remains an available forum for statutory and constitutional challenges to detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Having established jurisdiction, the Court turns to the merits of Petitioner's due process claim.

**B. Petitioner's Detention is Governed by 8 U.S.C. § 1226**

Under 8 U.S.C. § 1225(b)(2)(A), mandatory detention without the possibility of bond applies only to aliens seeking admission at the border or a port of entry, not to aliens who are apprehended in the interior of the United States. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). Such interior aliens remain subject instead to the discretionary detention scheme of 8 U.S.C. § 1226(a), which entitles them to an individualized bond hearing, because the statutory definition of "admission" as lawful "entry . . . into the United States," 8 U.S.C. § 1101(a)(13)(A), combined with § 1225(b)(2)(A)'s requirement that the alien be "seeking" that entry, confines the mandatory-detention provision to aliens actively attempting to cross into the country. *Rodriguez Vazquez*, 2026 WL 2196424, at *10–12. This reading applies even though such aliens are "deemed" "applicant[s] for admission" under the separate deeming provision of § 1225(a)(1), since that phrase is a term of art that does not place them in a perpetual state of "seeking" entry. *Id.* at 11, 14–

15 (*citing Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020) (en banc)).

Accordingly, as the current record indicates that Petitioner has been residing in and was detained in the interior of the United States, the Court concludes that the Fifth Amendment Due Process Clause protects Petitioner's substantial liberty interest in maintaining his freedom from confinement.

**C. Petitioner is Subject to Mandatory Detention Pursuant to 8 U.S.C. § 1226(c)**

Section 1226(c) "carves out a statutory category of aliens who may not be released under § 1226(a)," mandating detention for a noncitizen apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." *Id.* at 289. In January 2025, the Laken Riley Act added a new subparagraph to § 1226(c), requiring mandatory detention for a noncitizen who: (1) is inadmissible under 8 U.S.C. § 1182(a)(6)(A), 6(C), or (7); and (2) "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." *See* 8 U.S.C. § 1226(c)(1)(E)(i)-(ii).

The Ninth Circuit has "long held that 'information on an authenticated immigration form,'" including an I-213, "'is presumed to be reliable,'' where there is no "evidence to the contrary presented by the alien." *Hernandez v. Garland*, 52 F.4th 757, 766 (9th Cir. 2022) (quoting *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995)).

On its face, the Laken Riley Act applies to Petitioner. In their Return to the Petition, Respondents submitted Petitioner's I-213 form which indicates that Petitioner was charged inadmissible pursuant to 8 U.S.C. § 1182(a)(7) and was arrested for violation of California Penal Code Section 530.5 for identity theft on April 11, 2026, the day before he was taken into immigration

custody.(Dkt. No. 8-1 at 3 and 4.) Petitioner does not contest these facts or provide the Court with any evidence to refute these facts, relying on his contention that Respondents "have not identified or established a qualifying ground for mandatory detention under § 1226(c)." (Dkt. No. 22 at 2.) The Court additionally notes that Respondents have provided the Court with a copy of the warrant that was served on Petitioner, and Petitioner's form I-213 indicates that Respondents served him with a with a Notice of Custody Determination, Form I-286. (Dkt. No. 23-2 and Dkt. No. 23-1 at 5.) Petitioner does not refute nor address Respondents' evidence that they provided him with these documents.

Thus, the record before the Court demonstrates that Petitioner is subject to mandatory detention pursuant to § 1226(c)(1)(E).

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered DENYING the Petition; (2) Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

DATED: October 27, 2026

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE